Alexandra Wald
awald@cohengresser.com
**COHEN & GRESSER LLP**
100 Park Avenue
New York, New York, 10017
Tel: (212) 957-7600
Fax: (212) 957-4514
*Attorneys for Third-Party Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

EXCELSIOR CAPITAL, LLC,

                  Plaintiff,

          - against -

CHRISTOPHER DEVINE, BRUCE BUZIL, ROBET E.
NEIMAN and GREENBERG TRAURIG, LLP,

                 Defendants.

------------------------------------------------------------------------ x

CHRISTOPHER DEVINE,

            Third-Party Plaintiff,

          - against -

C. ROBERT ALLEN, III and LUKE ALLEN, as Guardian
for the Property Management of C. Robert Allen, III,

            Third-Party Defendants.

------------------------------------------------------------------------ x

10-cv-01319
(ADS) (ARL)

**ANSWER TO
THIRD-PARTY
COMPLAINT**

       Third-party Defendants C. Robert Allen, III ("Allen"), and Luke Allen, as Guardian for

the Property Management of C. Robert Allen, III ("Luke") (collectively, the "Allens"), through

their counsel, Cohen & Gresser LLP, as and for their Answer to the Third-Party Complaint (the

"Third-Party Complaint") of defendant Christopher Devine ("Devine"):

       1.     Admit the allegations of paragraph 1 of the Third-Party Complaint on information

and belief.

2.     Deny the allegations of paragraph 2 of the Third-Party Complaint, except admit that Allen is an individual who resides at 24 Hicks Lane, Port Washington, New York 11050-1308.

3.     Admit the allegations of paragraph 3 of the Third-Party Complaint.

4.     State that paragraph 4 of the Third-Party Complaint sets forth a legal conclusion to which no response is required, and, to the extent that this paragraph characterizes the Complaint of plaintiff Excelsior Capital, LLC ("Excelsior") in this action and the Third-Party Complaint, the Allens respectfully refer the Court to those pleadings for the true and complete contents thereof.

5.     Admit that Allen is a New York resident, but state that the remaining allegations of paragraph 5 of the Third-Party Complaint set forth a legal conclusion to which no response is required.

6.     Admit that Luke became Guardian for the Property Management of Allen by order of the Supreme Court of the State of New York, County of Nassau and that Luke brought an action in this Court on behalf of Allen that is captioned *C. Robert Allen, III by Luke Allen, as Guardian for the Property Management of C. Robert Allen, III v. Devine, et al.*, 09-cv-0668 (ADS) (MLO) (the "Allen RICO Action"); deny that Devine's "cause [sic] of action" arose from Luke's commission of a tort within the State of New York; and state that the remaining allegations of paragraph 6 of the Third-Party Complaint set forth legal conclusions to which no response is required.

7.     Admit that Allen resides in this District; deny that there were any "events or omissions" that legitimately give rise to any claims against the Allens; and state that the

remaining allegations of paragraph 7 of the Third-Party Complaint set forth legal conclusions to which no response is required.

8. Admit that Excelsior has filed a Complaint in this action against Devine, Bruce Buzil, Robert E. Neiman ("Neiman") and Greenberg Traurig, LLP, and further admit that Excelsior's Complaint asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and for common law fraud, vicarious liability and breach of contract, and respectfully refer the Court to Excelsior's Complaint for the true and complete contents thereof.

9. Admit that paragraph 9 of the Third-Party Complaint contains a summary of certain allegations made in Excelsior's Complaint, except deny that summary is accurate or complete, and respectfully refer the Court to Excelsior's Complaint for the true and complete contents thereof.

10. Admit that paragraphs 10(a), 10(b), 10(c), 10(d), 10(e) and 10(g) of the Third-Party Complaint quote certain allegations made in Excelsior's Complaint removed from their context; deny that paragraph 10(f) of the Third-Party Complaint accurately characterizes Excelsior's Complaint; deny that paragraph 10(h) of the Third-Party Complaint accurately quotes Excelsior's Complaint; deny the remainder of the allegations of paragraph 10 of the Third-Party Complaint; and respectfully refer the Court to Excelsior's Complaint for the true and complete contents thereof.

11. Admit that Devine has filed an answer to Excelsior's Complaint, and respectfully refer the Court to Devine's Answer for the true and complete contents thereof.

12. Admit that Devine purports "not [to] admit any of the allegations asserted against it [sic]" in Excelsior's Complaint; respectfully refer the Court to Devine's Answer for the true and complete contents thereof; and state that the remaining allegations of paragraph 12 of the

Third-Party Complaint set forth legal conclusions to which no response is required.

## COUNT I
### (Contribution Against Allen Under N.Y. C.P.L.R. §§ 1401-1402)

13.     Incorporate by reference their responses to paragraphs 1 through 12 of the Third-Party Complaint as if fully set forth herein.

14.     Deny the allegations of paragraph 14 of the Third-Party Complaint.

15.     Deny the allegations of paragraph 15 of the Third-Party Complaint.

16.     Deny the allegations of paragraph 16 of the Third-Party Complaint.

17.     Deny the allegations of paragraph 17 of the Third-Party Complaint.

## COUNT II
### (Breach of Contract Against Allen)

18.     Incorporate by reference their responses to paragraphs 1 through 17 of the Third-Party Complaint as if fully set forth herein.

19.     Admit that Allen signed a document that bears the date January 9, 2006 that was addressed to Neiman and Robert Wessely (the "January 9, 2006 Letter"), but deny the remaining allegations of paragraph 19 of the Third-Party Complaint.

20.     Deny the allegations of paragraph 20 of the Third-Party Complaint, affirmatively state that any such agreement would be unenforceable if made, and respectfully refer the Court to the January 9, 2006 Letter for the true and complete contents thereof.

21.     Deny the allegations of paragraph 21 of the Third-Party Complaint, and respectfully refer the Court to Excelsior's Complaint for the true and complete contents thereof.

22.     Admit that Devine sent a letter dated April 6, 2010 to Allen's counsel, and respectfully refer the Court to that letter for the true and complete contents thereof.

23.     Admit the allegations of paragraph 23 of the Third-Party Complaint.

24.     Deny the existence of any contract and the remaining allegations of paragraph 24 of the Third-Party Complaint.

25.     Deny the allegations of paragraph 25 of the Third-Party Complaint.

26.     Deny the allegations of paragraph 26 of the Third-Party Complaint.

## COUNT III
### (Contribution Against Allen and Luke Allen Under N.Y. C.P.L.R. §§ 1401-1402)

27.     Incorporate by reference their responses to paragraphs 1 through 26 of the Third-Party Complaint as if fully set forth herein.

28.     Admit the allegations of paragraph 28 of the Third-Party Complaint, and respectfully refer the Court to Excelsior's Complaint for the true and complete contents thereof.

29.     Deny the allegations of paragraph 29 of the Third-Party Complaint, and respectfully refer the Court to Excelsior's Complaint for the true and complete contents thereof.

30.     Deny the allegations of paragraph 30 of the Third-Party Complaint, except admit that Devine was an officer and director of Superior Broadcasting Co. ("Superior") from in or about 1999 until in or about October 2007.

31.     Admit that Devine, his co-conspirators, and Davis should have used over $27 million of Allen's monies to reduce Superior's debt to Excelsior, deny that Devine and his co-conspirators used their best efforts to cause such repayment, and otherwise deny the allegations of paragraph 31 of the Third-Party Complaint.

32.     Admit that Allen loaned money to Superior, including sufficient monies to repay Excelsior, which Devine and his co-conspirators misappropriated instead for their own purposes, but deny the remaining allegations of paragraph 32 of the Third-Party Complaint.

33.     Deny the allegations of paragraph 33 of the Third-Party Complaint.

34.     Deny the allegations of paragraph 34 of the Third-Party Complaint, except admit that, during a time period that included the summer and fall of 2007, as set forth in the Amended Complaint in the Allen RICO Action, the Allens attempted unsuccessfully to recover any of the funds that Devine and his co-conspirators stole from Allen.

35.     Deny the allegations of paragraph 35 of the Third-Party Complaint, except admit that, for the reasons set forth in the Amended Complaint in the Allen RICO Action, Devine was removed from the Board of Directors of Superior in or about October 2007.

36.     Deny the allegations of paragraph 36 of the Third-Party Complaint, except admit that, in or about October 2007, Luke became President and a Director of Superior.

37.     Deny the allegations of paragraph 37 of the Third-Party Complaint, except admit on information and belief that Superior, which Devine and his co-conspirators looted and left insolvent as set forth in the Amended Complaint in the Allen RICO Action, did not make any payments to Excelsior after on or about November 27, 2006.

38.     Deny the allegations of paragraph 38 of the Third-Party Complaint.

39.     Deny the allegations of paragraph 39 of the Third-Party Complaint, and affirmatively state that the wrongful conduct of Devine and his co-conspirators is the direct and proximate cause of any damages incurred by Excelsior.

40.     Deny the allegations of paragraph 40 of the Third-Party Complaint.

### Affirmative Defenses

The Allens assert the following affirmative defenses and reserve the right to amend their Answer as new information becomes available.  The listing of any defense below shall not be construed as an admission that the Allens bear the burden of proof as to such defense:

### First Defense

The Third-Party Complaint fails to state a claim upon which relief may be granted.

### Second Defense

All the claims in the Third-Party Complaint are barred by the doctrines of waiver and/or estoppel.

### Third Defense

All the claims in the Third-Party Complaint are barred because Devine has unclean hands due to his racketeering activity, fraudulent conduct, and other bad acts as set forth in the Amended Complaint in the Allen RICO Action.

### Fourth Defense

All the claims in the Third-Party Complaint are barred inasmuch as any damages that Devine suffered were caused by his own acts or omissions, not those of Third Party Defendants.

### Fifth Defense

All the claims in the Third-Party Complaint are barred inasmuch as Devine failed to mitigate his damages.

### Sixth Defense

All the claims in the Third-Party Complaint are barred by setoff; as set forth in the Amended Complaint in the Allen RICO Action, Devine is jointly and severally liable to Allen for damages believed to be at least $70,000,000, exclusive of trebling and punitive damages.

### Seventh Defense

Devine has no entitlement to contribution under CPLR 1401 or 1402 as a matter of law because the Allens have no liability to Excelsior.

### Eighth Defense

Count I of the Third-Party Complaint fails to plead fraud with the particularity that Fed. R. Civ. P. 9(b) requires.

### Ninth Defense

Devine has no entitlement to contribution to the extent that he is held liable for RICO violations, because contribution is unavailable for RICO liability as a matter of law.

### Tenth Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-Party Complaint is unenforceable due to a lack of consideration and/or failure of consideration.

### Eleventh Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-Party Complaint is unenforceable due to a lack of mutuality of obligation.

### Twelfth Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-Party Complaint is unenforceable due to the failure of multiple conditions precedent.

### Thirteenth Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-Party Complaint is void as against public policy and for unconscionability.

### Fourteenth Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-Party Complaint is void inasmuch as Allen was fraudulently induced to sign it.

### Fifteenth Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-

Party Complaint is void inasmuch as Allen's signature of it was procured by undue influence.

### Sixteenth Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-Party Complaint is void inasmuch as Allen signed it under duress.

### Seventeenth Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-Party Complaint is void inasmuch as, in violation of his fiduciary obligations, Devine failed to disclose all relevant facts before Allen signed it.

### Eighteenth Defense

The alleged "indemnification contract" on which Devine relies for Count II of the Third-Party Complaint cannot apply to the claims that Excelsior has asserted against Devine in this action because those claims are beyond the scope of what is covered by the purported agreement.

### Nineteenth Defense

To the extent interpreted to cover the claims that Excelsior has asserted against Devine in this action, the alleged "indemnification contract" would be unenforceable as an illegal agreement.

### Twentieth Defense

Count III of the Third-Party Complaint is barred by collateral estoppel and/or res judicata, as a trial jury in the action in the Supreme Court of the State of New York, County of Nassau entitled *Excelsior Capital, LLC v. Superior Broadcasting Co., C. Robert Allen, III and Luke Allen, as Guardian for the Property Management of C. Robert Allen, III*, Index No. 8289/07, has already found that the Allens do not owe any monies to Excelsior.

**Twenty-First Defense**

Count III of the Third-Party Complaint is barred because CPLR 1401 and 1402 do not, as a matter of law, permit the recovery of contribution by a defendant who is held liable for economic loss arising from a breach of contract.

**Prayer for Relief**

WHEREFORE, the Allens respectfully request that this Court enter judgment:

(a)    Dismissing Devine's claims against the Allens in their entirety;

(b)    Awarding the Allens their costs and disbursements of this action, including reasonable attorneys' fees; and

(c)    Granting the Allens all other and further relief, at law or in equity, as this Court may deem just and proper.

Dated: New York, New York
June 22, 2010

COHEN & GRESSER LLP

By: _____/s/_____
Lawrence T. Gresser (LG-2801)
ltgresser@cohengresser.com

Alexandra Wald (AW-0225)
awald@cohengresser.com

Nathaniel P.T. Read (NR-8807)
nread@cohengresser.com

Harvey B. Silikovitz (HS-5904)
hsilikovitz@cohengersser.com

100 Park Avenue, 23rd Floor
New York, New York 10017
Phone: (212) 957-7600
Facsimile: (212) 957-4514

*Attorneys for Third-Party Defendants C. Robert*
*Allen, III and Luke Allen, as Guardian for the*
*Property Management of C. Robert Allen, III*