UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXCELSIOR CAPITAL, LLC,<br><br>                                          Plaintiff,<br><br>- against -<br><br>CHRISTOPHER DEVINE, BRUCE BUZIL, ROBERT E. NEIMAN and GREENBERG TRAURIG, LLP,<br><br>                                          Defendants. | Civil Action No.:<br><br>10-cv-01319-ADS-ARL<br><br>J. Spatt<br>M.J. Lindsay |
| CHRISTOPHER DEVINE,<br><br>                                          Third-Party Plaintiff,<br><br>- against -<br><br>C. ROBERT ALLEN, III and LUKE ALLEN, as Guardian for the Property Management of C. Robert Allen, IIII,<br><br>                                          Third-Party Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THIRD-PARTY PLAINTIFF CHRISTOPHER DEVINE TO STRIKE CERTAIN OF THIRD-PARTY DEFENDANTS' AFFIRMATIVE DEFENSES**

**PECKAR & ABRAMSON, P.C.**
41 Madison Avenue, 20th Floor
New York, NY 10010
(202) 382-0909
tcurran@pecklaw.com
koconnor@pecklaw.com

Of Counsel:
Thomas J. Curran
Kevin J. O'Connor

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
|     I.    Excelsior Files its Complaint. | 1 |
|     II.   Devine Answers the Complaint and Files a Third-Party Complaint Against the Allens. | 3 |
| ARGUMENT | 5 |
| POINT I | 5 |
| THE AFFIRMATIVE DEFENSES IN QUESTION ARE LEGALLY INSUFFICIENT AS A MATTER OF LAW, AND SHOULD BE STRICKEN | 5 |
|     A.  The Second Affirmative Defense Should Be Stricken. | 6 |
|     B.  The Third Affirmative Defense Should Be Stricken. | 7 |
|     C.  The Ninth Affirmative Defense Should Be Stricken. | 8 |
|     D.  The Fourteenth Affirmative Defense Should Be Stricken. | 8 |
|     E.  The Twenty-First Affirmative Defense Should Be Stricken. | 9 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

Bay State Milling Co. v. Terranova Bakers Supplies Corp., 871 F. Supp. 703 (S.D.N.Y. 1995) ................................................................................................................................ 9

Bistricer v. Bistricer, 659 F. Supp. 215 (E.D.N.Y. 1987) ............................................................ 8

D.S. America (E.), Inc. v. Chromagrafx Imaging System, Inc., 873 F. Supp. 786 (E.D.N.Y. 1995) ................................................................................................................. 7

EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167 (E.D.N.Y. 2004) .................................. 8

Kwon v. Yun, 606 F. Supp. 2d 344 (S.D.N.Y. 2009) ................................................................... 8

Meiselman v. Richardson, 743 F. Supp. 143 (E.D.N.Y. 1990) .................................................... 6

Salcer v. Envicon Equities Corp., 744 F.2d 935 (2d Cir. 1984) .................................................. 6

Saratoga Harness Racing Inc. v. Veneglia, No. 94-CV-1400, 1997 WL 135946 (N.D.N.Y. Mar. 18, 1997) ............................................................................................................. 7

Telectronics Proprietary, Ltd. v. Medtronic, Inc., 687 F. Supp. 832 (S.D.N.Y. 1988) .................. 7

## STATE CASES

Masterwear Corp. v. Bernard, 3 A.D.3d 305, 771 N.Y.S.2d 72 (1st Dep't 2004) .......................... 10

## PRELIMINARY STATEMENT

Defendant/Third-Party Plaintiff Christopher Devine ("Devine") respectfully submits this Memorandum of Law in support of his Motion to Strike Certain of the Affirmative Defenses asserted in the answer filed by Third-Party Defendants C. Robert Allen, III ("Allen") and Luke Allen, as Guardian for the Property Management of C. Robert Allen, III (collectively the "Allens"). Devine's Motion to Strike is made pursuant to Federal Rule of Civil Procedure 12(f) and requests that the Court strike affirmative defenses 2, 3, 9, 14 and 21. These affirmative defenses are clearly insufficient as a matter of law and, if allowed to stand, would only serve to increase the time and expense of discovery and the trial of this case.

## STATEMENT OF FACTS

### I.   Excelsior Files its Complaint.

This action was originally filed by Plaintiff Excelsior Capital, LLC ("Excelsior") against Defendants Devine, Bruce Buzil, Robert Neiman, and Greenberg Traurig, LLP ("Greenberg"). (Declaration of Kevin J. O'Connor, Esq. dated July 13, 2010 ("O'Connor Decl."), Ex. A). In its Complaint, Excelsior makes claims under the Racketeer Influenced and Corrupt Organizations Act (Counts I-VI) (against all defendants), common law fraud (Count VII) (against all defendants), vicarious liability (Count VIII) (against Greenberg only), and breach of contract (Count IX) (against Devine and Buzil only). (Id., ¶¶ 53-108 & "Wherefore" clause on page 22.)

Excelsior alleges as a factual allegation common to all counts of the Complaint that Excelsior loaned Devine, Buzil, and Superior Broadcasting Co. ("Superior") millions of dollars based upon intentionally false representations allegedly made to Richard Davis, Excelsior's principal, by Devine, Buzil, Neiman, and Allen, and that Excelsior has been damaged as a result.

(Id., ¶¶ 1, 9-52.) Although Excelsior did not specifically name Allen as a defendant, Excelsior's Complaint contains many allegations concerning Allen's role in the allegedly fraudulent scheme:

- Paragraph 9 alleges: "In 2003, Davis became friendly with his neighbor Allen, the son of one of the founders of famed investment house, Allen & Co."

- Paragraph 10 alleges: "Allen represented himself to Davis as a very sophisticated billionaire investor and, over time, offered Davis an opportunity to invest – through loans bearing favorable interest returns – in a company known as Superior that supposedly operated radio stations."

- Paragraph 11 alleges: "Allen explained to Davis that Superior was very well-run by Defendants Devine and Buzil."

- Paragraph 13 alleges: "Thereafter, commencing in at least March of 2004, the Fraud Defendants, aided and abetted by Allen to further Allen's own selfish financial goals, participated in a scheme to defraud Excelsior of millions of dollars by, *inter alia*, offering non-existent security for the first of a series of loans. Had Davis known that the first of these loans made by Excelsior was predicated upon a fraudulent representation that the loan would be secured by an asset that was owned by – but in fact was not owned by – Superior Nevada, Excelsior would never have made that first loan or any loans thereafter."

- Paragraph 14 alleges in part: "On March 11, 2004, at Allen's urging, Davis met with Defendants Neiman, Devine and Buzil at a charity dinner held at the Pierre Hotel on East 61st Street in Manhattan, New York." The Complaint also alleges that the false representation referred to in Paragraph 13 of the Complaint was made at this charity dinner that caused Excelsior to make loans.

2

- Paragraph 19 alleges: "Davis trusted Devine and Neiman because (a) Allen, supposedly Davis's close friend, had vouched for Devine as an honest and gifted businessman, who had been Allen's trusted business associate for more than 20 years and was among the 'best that I [Allen] have ever seen' and (b) the involvement of GT, through Neiman, as lawyers lent great credibility to the deal. Hence, the representation that Superior Nevada actually owned KBZB convinced Davis that the $5 million dollar loan would be adequately secured – indeed over-secured."

- Paragraph 41 alleges in part: "On January 27, 2006, at Allen's request and, according to Allen for the explicit purpose of calming any and all fears on the part of Davis, Davis and his wife met with Devine and Neiman at the Marriot Hotel at LaGuardia Airport in the Eastern District of New York. At this meeting, and in furtherance of the Fraud Defendants' scheme to defraud, Devine and Neiman provided Davis with a list of assets which they claimed proved that Devine's and Buzil's ownership interests in various companies exceeded $200 million, and that Excelsior's loans were not in danger. The document was fraudulent in that, *inter alia*, it once again represented that Superior Nevada owned KBZB."

## II. Devine Answers the Complaint and Files a Third-Party Complaint Against the Allens.

Devine answered Excelsior's Complaint on May 13, 2010, denying its material allegations and setting forth various affirmative defenses. (O'Connor Decl., ¶ 3). Devine also filed a Third-Party Complaint against the Allens. (Id., Ex. B) Count I of the Third-Party Complaint makes a claim against Allen for contribution pursuant to N.Y. C.P.L.R. §§ 1401-1402, "[i]f Devine is found to be liable to Excelsior for any amount under Count VII [for common-law fraud] of the Complaint . . . ." (Id., ¶ 17.) Count I alleges that Allen is liable to Excelsior based on Allen's misrepresentation of fact and/or Allen's role in aiding, abetting, or

3

participating in a scheme to defraud Excelsior as alleged in the Complaint. (Id., ¶ 15.) Count II asserts that Allen breached a contract by failing to indemnify and hold Devine harmless for this action. (Id., ¶¶ 18-26.) Count III makes a claim against both Allen and Luke Allen for contribution pursuant to N.Y. C.P.L.R. §§ 1401-1402, "[i]f Devine is found to be liable to Excelsior for any amount under Count VII [for common-law fraud] of the Complaint . . . ." (Id., ¶ 40.) Count III alleges that the Allens are liable to Excelsior based on the Allens' interference with and actions to stop Devine's attempts to make payments to Excelsior on behalf of Superior. (Id., ¶¶ 27-39.)

The Allens answered Devine's Third-Party Complaint and filed twenty-one affirmative defenses. (Answer to Third-Party Compl., O'Connor Decl. Ex. C).

## ARGUMENT

### POINT I

### THE AFFIRMATIVE DEFENSES IN QUESTION ARE LEGALLY INSUFFICIENT AS A MATTER OF LAW, AND SHOULD BE STRICKEN

Rule 12(f) of the Federal Rules of Civil Procedure provides in relevant part that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: . . . (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FRCP 12(f).

In the Second Circuit, a motion to strike an affirmative defense for legal insufficiency "is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Salcer v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), judgment vacated on other grounds, 478 U.S. 1015 (1986). Although some courts are reluctant to grant motions to strike absent a showing of prejudice, this Court has held that "where an affirmative defense is clearly insufficient as a matter of law, in this Court's view, it is best to eliminate such a defense at the earliest possible stage." Meiselman v. Richardson, 743 F. Supp. 143, 144 (E.D.N.Y. 1990) (Spatt, J.). This Court further held that allowing clearly insufficient defenses to stand "might lead to unnecessary and protracted litigation, needlessly complicating this case. Postponing such a determination until trial serves no useful purpose since there is nothing more that could possibly be introduced in support of the defendant's argument which would alter the inevitable result." Id.

Although Devine believes that each of the affirmative defenses set forth in the Allens' answer is meritless, the present motion is narrowly tailored, consistent with Salcer and

5

Meiselman, to strike those affirmative defenses which are clearly insufficient as a matter of law and should be reviewed and stricken even at this early stage of the case.

A.  **The Second Affirmative Defense Should Be Stricken.**

The Allens' second affirmative defense states: "All the claims in the Third-Party Complaint are barred by the doctrines of waiver and/or estoppel." An affirmative defense "must sufficiently apprise the opposing party of the nature of the defense, providing the opposing party with adequate notice of the relevant elements of the defense." D.S. Am. (E.), Inc. v. Chromagrafx Imaging Sys., Inc., 873 F. Supp. 786, 797 (E.D.N.Y. 1995). An affirmative defense is "legally 'insufficient' if, as a matter of law, it cannot succeed under any circumstances." Id. at 798. The Allens' boilerplate use of the words "waiver" and "estoppel" without more is not a sufficient statement of those defenses and gives no indication as to how either of these defenses bars any of the third-party claims. See id. (striking affirmative defense alleging that plaintiff was "barred from bringing an action under the doctrines of estoppel and unclean hands"); Telectronics Proprietary, Ltd. v. Medtronic, Inc., 687 F. Supp. 832, 841 (S.D.N.Y. 1988) ("The word 'estoppel' without more is not a sufficient statement of a defense"); Fed. Nat'l Mortgage Ass'n v. Olympia Mortgage Corp., No. 04 CV 4971 (NG) (MDG), 2007 WL 3077045, *4 (E.D.N.Y. Oct. 22, 2007) (striking affirmative defense based upon waiver and equitable estoppel because defendant identified "no bases for the defenses he asserts"); Saratoga Harness Racing Inc. v. Veneglia, No. 94-CV-1400, 1997 WL 135946, *6 (N.D.N.Y. Mar. 18, 1997) ("Defendants' answers merely state, in conclusory terms, that plaintiff's claims are barred by the doctrines of waiver, estoppel and laches; mere recitation of the legal buzzwords, however, will not suffice"). Therefore, the Allens' second affirmative defense should be stricken.

6

B.   **The Third Affirmative Defense Should Be Stricken.**

The Allens' third affirmative defense states: "All the claims in the Third-Party Complaint are barred because Devine has unclean hands due to his racketeering activity, fraudulent conduct, and other bad acts as set forth in the Amended Complaint in the Allen RICO action." As an initial matter, unclean hands "is an equitable defense that does not apply to actions at law that seek money damages." Kwon v. Yun, 606 F. Supp. 2d 344, 368 n.23 (S.D.N.Y. 2009). Therefore, the doctrine of unclean hands does not apply to Devine's claim for money damages in his breach of contract count and should be stricken as an affirmative defense.

Also, even if one could say that the unclean hands defense applies as a defense to a contract action, it is unavailable "unless the plaintiff's immoral or unconscionable conduct both relates directly to the subject matter in litigation and causes the defendant injury." Bistricer v. Bistricer, 659 F. Supp. 215, 217 (E.D.N.Y. 1987). If a plaintiff "is not guilty of inequitable conduct toward the defendant in the transaction, his hands are as clean as the law requires." Id. See also EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 172 (E.D.N.Y. 2004) ("[T]he defenses of unclean hands and inequitable conduct apply only where there is a direct nexus between the misconduct and the right which is the basis of the suit"). Here, Excelsior alleges that the Defendants and Allen were part of a fraudulent scheme to obtain funds from Excelsior and Davis. The basic contention is that the Defendants and Allen told Davis that Superior Broadcasting of Nevada, LLC owned a radio station when, in fact, Superior of Nevada did not own the radio station. (Compl., O'Connor Decl. Ex. A, ¶¶ 1, 13.) There is no direct connection between the allegations alleged by Allen in his RICO suit and the claims made by Excelsior as Plaintiff and Devine as Third-Party Plaintiff in the Excelsior case. (Allen RICO Am. Compl., O'Connor Decl. Ex. D). Therefore, the third affirmative defense should be stricken.

C.  **The Ninth Affirmative Defense Should Be Stricken.**

The Allens' ninth affirmative defense states: "Devine has no entitlement to contribution to the extent that he is held liable for RICO violations, because contribution is unavailable for RICO liability as a matter of law." This affirmative defense is irrelevant because Devine's Third-Party Complaint clearly does not seek contribution for any RICO damage award, but rather is limited to contribution for any damage award under Count VII of the Complaint, which is not predicated on RICO liability but, rather, common law fraud. (See, e.g., Third-Party Compl., O'Connor Decl. Ex. B, ¶ 17 ("If Devine is found to be liable to Excelsior for any amount under Count VII [the common-law fraud count] of the Complaint, then Devine is entitled to contribution from Allen in an amount equal to the excess paid by Devine over and above his equitable share of the judgment, calculated pursuant to N.Y. C.P.L.R. § 1402"); ¶ 40 (same).) Therefore, the ninth affirmative defense is legally insufficient as a matter of law, and should be stricken.

D.  **The Fourteenth Affirmative Defense Should Be Stricken.**

The Allens' fourteenth affirmative defense states: "The alleged 'indemnification contract' on which Devine relies for Count II of the Third-Party Complaint is void inasmuch as Allen was fraudulently induced to sign it." Under Federal Rule of Civil Procedure 9(b), "an allegation of fraud should state the contents of communications, who was involved, where and when they took place, and why they were fraudulent." Bay State Milling Co. v. Terranova Bakers Supplies Corp., 871 F. Supp. 703, 707 (S.D.N.Y. 1995). An affirmative defense based on fraudulent inducement will be stricken if it does not comply with Federal Rule of Civil Procedure 9(b). See id. (striking fraudulent inducement affirmative defense). Here, the fourteenth affirmative

8

defense does not come close to meeting the requirements of Federal Rule of Civil Procedure 9(b) and, therefore, should be stricken.

E. <u>The Twenty-First Affirmative Defense Should Be Stricken.</u>

The Allens' twenty-first affirmative defense states: "Count III of the Third-Party Complaint is barred because CPLR 1401 and 1402 do not, as a matter of law, permit the recovery of contribution by a defendant who is held liable for economic loss arising from a breach of contract." Again, as stated above and as is clear from the Third-Party Complaint, Devine's contribution claims are limited and will only come into play if Devine is held liable under the common-law fraud count in Count VII of Excelsior's complaint. Under New York law, "it is settled that any tortious act (other than personal injury) . . . resulting in damage constitutes an injury to property within the meaning of CPLR 1401." <u>Masterwear Corp. v. Bernard</u>, 3 A.D.3d 305, 771 N.Y.S.2d 72, 75 (1st Dep't 2004). Because Devine seeks contribution for fraud, which is a tortious act, the contribution statute applies. Therefore, the twenty-first affirmative defense is legally insufficient as a matter of law and should be stricken accordingly.

## CONCLUSION

For all of the foregoing reasons, Defendant/Third-Party Plaintiff Christopher Devine's Motion to Strike Affirmative Defenses 2, 3, 9, 14, and 21 filed by Third-Party Defendants C. Robert Allen, III and Luke Allen, as Guardian for the Property Management of C. Robert Allen, III, should be granted.

CHRISTOPHER DEVINE

By: /s/_____
One of his Attorneys

9

Thomas J. Curran
Kevin J. O'Connor
PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY  10010
(212)382-0909
Fax:  (212) 382-3456
tcurran@pecklaw.com
koconnor@pecklaw.com

Dated: July 13, 2010