UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

EXCELSIOR CAPITAL, LLC,

                      Plaintiff,

            - against -

CHRISTOPHER DEVINE, BRUCE BUZIL, ROBET E.
NEIMAN and GREENBERG TRAURIG, LLP,

                 Defendants.

10-cv-01319
(ADS) (ARL)

------------------------------------------------------------------------ x

CHRISTOPHER DEVINE,

               Third-Party Plaintiff,

            - against -

C. ROBERT ALLEN, III and LUKE ALLEN, as Guardian
for the Property Management of C. Robert Allen, III,

             Third-Party Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION BY THIRD-PARTY PLAINTIFF CHRISTOPHER DEVINE TO STRIKE CERTAIN OF THIRD-PARTY DEFENDANTS' AFFIRMATIVE DEFENSES

**COHEN & GRESSER LLP**
Lawrence T. Gresser
Alexandra Wald
Alexis G. Stone
800 Third Avenue, 21st Floor
New York, New York 10022
Phone: (212) 957-7600
Fax: (212) 957-4514
*Attorneys for Third-Party Defendants C. Robert Allen, III and Luke Allen, as Guardian for the Property Management of C. Robert Allen, III*

# Table of Contents

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ............................................................................. 1

ARGUMENT ................................................................................................ 5

I.    STRIKING AFFIRMATIVE DEFENSES IS A DASTIC REMEDY
      THAT IS NOT APPROPRIATE HERE ............................................... 5

II.   DEVINE HAS NOT EVEN ALLEGED, NOR CAN HE ESTABLISH,
      THAT THE INCLUSIONS OF THE AFFIRMATIVE DEFENSES
      WILL CAUSE PREJUDICE. .............................................................. 7

III.  THE AFFIRMATIVE DEFENSES ARE NOT LEGALLY INFIRM. ......... 9

      A.   The Second Affirmative Defense Is Legally Sufficient ................. 9
      B.   The Third Affirmative Defense Is Legally Sufficient ................... 10
      C.   The Fourteenth Affirmative Defense Is Legally Sufficient. .......... 11
      D.   The Twenty-First Affirmative Defense Is Legally Sufficient ......... 12

IV.   ALTERNATIVELY, THE COURT SHOULD GRANT
      THE ALLENS' LEAVE TO AMEND .................................................. 13

CONCLUSION .......................................................................................... 14

# TABLE OF AUTHORITIES

## Cases

*Allstate Ins. Co. v. Choi*, No. 06 Civ. 3870, 2007 WL 29384 (E.D.N.Y. Jan. 4, 2007) .............. 5-6

*Bennett v. Spoor Behrins Campbell & Young*, 124 F.R.D. 562 (S.D.N.Y.1989) .......................... 6

*Calabrese v. CSC Holdings, Inc.*, No. 02 Civ. 5171, 2006 WL 544394
(E.D.N.Y. Mar. 6, 2006) .................................................................................................. 7

*Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp.2d 313
(W.D.N.Y. 2003) ............................................................................................................. 7

*Carter-Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366 (S.D.N.Y. 1969) ................. 5

*Cattaraugus County Project Head Start, Inc. v. Executive Risk Indemnity, Inc.*,
2000 WL 1737943 (W.D.N.Y. Nov. 8, 2000) ............................................................... 10

*Cohen v. Elephant Wireless, Inc.*, No. 03 Civ. 4058 (CBM), 2005 WL 1872421
(S.D.N.Y. Aug. 19, 2004) ........................................................................................... 9, 10

*County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148 (S.D.N.Y. 2002)............. 5

*D.S. Am. (E.), Inc. v. Chromagrafx Imaging Sys., Inc.*, 873 F.Supp. 786
(E.D.N.Y. 1995).......................................................................................................... 9, 13

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001) ........................................................................... 11

*Precision Instrument Mfg. Co. v. Automotive Maint. Mac. Co.*, 324 U.S. 806 (1945)................. 10

*Regent Ins. Co. v. Storm King Contracting, Inc.*, No. 06 Civ. 2879, 2008 WL 563465
(S.D.N.Y. Feb. 27, 2008)................................................................................................ 7

*Resolution Trust Corp. v. Gregor*, No. 94 Civ. 2578, 1995 WL 931093
(E.D.N.Y. Sep. 29, 1995)................................................................................................ 7

*Salcer v. Envicon Equities Corp.*, 744 F.2d 935 (2d Cir. 1984) ......................................... 5, 6, 10

*Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160 (S.D.N.Y. 1973) ..................................... 6

*Solvent Chem. Co. ICC Indus., Inc. v. E.I. DuPont De Nemours & Co.*,
242 F. Supp.2d 196 (W.D.N.Y. 2002)........................................................................... 6

*Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240 (N.D. Ill. 1991) .................................. 9, 11

**Statutes and Treatises**

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
  (3d ed. 2007) ...................................................................................................................... 5, 6, 8

Fed. R. Civ. P. 15(a) .................................................................................................................. 13

Third-Party Defendants C. Robert Allen, III ("Mr. Allen") and Luke Allen, as Guardian

for the Property Management of C. Robert Allen, III (the "Third-Party Defendants" or

"Allens"), by their attorneys Cohen & Gresser LLP, together with the July 29, 2010 Declaration

of Alexandra Wald with exhibits ("Wald Decl."), respectfully submit this memorandum of law in

opposition to the motion of Defendant/Third-Party Plaintiff Christopher Devine ("Devine") to

Strike Affirmative Defenses 2, 3, 9, 14 and 21 asserted in the answer filed by the Allens in

response to the Third-Party Complaint (the "Answer").

## PRELIMINARY STATEMENT

Devine's own moving papers concede the frivolity of the instant motion. Devine admits,

as he must, that parties should be afforded every opportunity to have their defenses considered

on their merits, that courts strongly disfavor motions to strike affirmative defenses, and that

courts therefore routinely deny such motions. The rare exception occurs only when plaintiff

demonstrates that: (i) based on settled law, that there was no set of facts – whether or not pled –

that could sustain the challenged defense; (ii) there is no question of law which might allow the

defense to succeed; and (iii) that allowing the defense to proceed would cause substantial

prejudice to the plaintiff. Here, Devine has not – and cannot – make these showings.

In short, there is no legal or practical basis for this Court to grant Devine's Motion to

Strike Certain of The Allens' Affirmative Defenses, and it should be denied in its entirety.

## STATEMENT OF FACTS

***Excelsior Commences the State Court Action.*** In 2007, Excelsior and its principal,

Richard Davis, filed a complaint in New York State Supreme Court against the Allens and

Superior Broadcasting Co. ("Superior"), a company in which Allen had an equity interest on

which he received no returns (the "State Court Action"). Wald Decl. ¶ 3, Ex. A (State Ct.

Compl.). In that action, Excelsior asserted breach of contract claims against Superior in

connection with promissory notes which Superior caused to go into default. *Id.* (State Ct. Compl. ¶¶ 64-68; 75-79; 102-106; 124-128). Excelsior asserted three separate breach of contract claims against the Allens for Mr. Allen's alleged guaranties of three of those promissory notes. *Id.* (State Ct. Compl. ¶¶ 86-94; 113-117; 135-139). After a two week jury trial, the court granted the Allens' motion under CPLR 4401 for judgment as a matter of law, dismissing Excelsior's claims to collect on the loan guaranties. Wald Decl. ¶ 4, Ex B (Trial Transcript at 1790-1791). The state court held that Devine "clearly controlled" Superior. *Id.* (Trial Transcript at 1790:20-21). The evidence showed Excelsior's unequivocal agreement with Superior to modify three loans originally subject to guaranties signed by Mr. Allen. *Id.* (Trial Transcript at 1790-1791). Excelsior and Superior failed to obtain Mr. Allen's written consent to such modifications, thereby discharging the guaranties by operation of law. *Id.* The jury found in favor of Davis and Excelsior on their claim that Superior breached its contractual obligations to Excelsior and Davis on the promissory notes, and judgment was entered in favor of Excelsior and against Superior in the amount of $26,612,574.15. *Id.* (Trial Transcript at 1917-1925); ¶ 5, Ex. C (Amended Judgment).

An appeal of the court's directed verdict is pending in which Excelsior maintains the contractual validity of the promissory notes, as well as the alleged guaranties that Mr. Allen executed in connection with three of the promissory notes.

***Excelsior Commences the Instant Action***. The instant action was filed by Plaintiff Excelsior Capital, LLC ("Excelsior") against Defendants Devine, Bruce Buzil, Robert Neiman (collectively, the "Fraud Defendants"), and Greenberg Traurig, LLP ("GT"). Wald Decl. ¶ 6, Ex. D (Excelsior RICO Compl.). In its complaint, Excelsior makes claims under the Racketeer Influenced and Corrupt Organization Act (Counts I-VI) (against all the Fraud Defendants),

common law fraud (Count VII) (against the Fraud Defendants), vicarious liability (Count VIII) (against GT only), and breach of contract (Count IX) (against Devine and Buzil only). *Id.* Excelsior did not name Mr. Allen as a defendant in the instant action.

*Devine Answers the Complaint.* On May 13, 2010, Devine answered Excelsior's Complaint (the "Devine Answer"). Wald Decl. ¶ 7, Ex. E. In addition to denying the substantive allegations made in the Excelsior Complaint, Devine asserts nine affirmative defenses. Devine's first affirmative defense, estoppel, alleges, in part:

> Excelsior's allegations are inconsistent with the allegations made by Excelsior that were ultimately accepted by the Court in . . . [the State Court Action]. In its Amended Verified Complaint filed in the State Court Action, Excelsior alleged that each of the Superior Notes was "a valid loan agreement." Excelsior also alleged in its Amended Verified Complaint that Superior breached the Superior Notes and that Excelsior was entitled to judgment against Superior for the full amount due and owing under the Superior Notes, plus interest and attorneys' fees, costs and expenses of collection.

*Id.* (Devine Answer ¶¶ 3-5). As Devine explains in his answer, the jury ultimately found in favor of Excelsior and against Superior for the breach of contract causes of action alleging breach of the Superior Notes. *Id.* (Devine Answer ¶ 6). As a result of the judgment that was entered in favor of Excelsior and against Superior, and because Excelsior continues to rely on the judgment in the State Court Action, Devine contends that "Excelsior's claims in this action are barred in whole or in part by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel." *Id.* (Devine Answer ¶¶ 9-11).

*Devine Files a Third-Party Complaint Against the Allens.* Contemporaneous with his filing of the answer in the Excelsior action, Devine filed a Third-Party Complaint against the Allens. Counts I and III of the Third-Party Complaint make a claim against the Allens for contribution pursuant to N.Y. C.P.L.R. §§1401-1402. Third-Party Compl. ¶ 17 ("If Devine is

found to be liable to Excelsior for any amount under Count VII of the [Excelsior] Complaint, then Devine is entitled to contribution from Allen . . ."); ¶ 40 ("If Devine is found to be liable to Excelsior for any amount under Count VII of the Complaint, then Devine is entitled to contribution from Allen . . .").

Count II of the Third-Party Complaint recites language from a January 9, 2006 letter (the "2006 Letter"), which allegedly provides that Allen will indemnify and hold Devine harmless if Devine is sued by Allen, and asserts a breach of contract claim based on the 2006 Letter against Mr. Allen for his alleged failure to indemnify and hold Devine harmless for the conduct alleged in the Excelsior federal action. The Letter states that it covers only claims by "any third party or other person" who is "acting in [Mr. Allen]'s name or on his behalf," and states explicitly that its intent is to create an indemnity in connection with "the purchase by Superior Broadcasting Co. ("Superior") of 14 Class A Preferred Shares of Major Music . . . owned by the CR Allen '65 Trust," for which Superior was to pay the CR Allen '65 Trust "a total  of $14,000,000 for the shares." Wald Decl. ¶ 8, Ex. F.

**The Allens Answer the Third-Party Complaint.** On June 22, 2010, the Allens answered the Third-Party Complaint, denying the substantive allegations of that complaint and pleading twenty-one affirmative defenses, five of which are the subject of Devine's instant Motion to Strike (the "Answer"). Wald Decl. ¶ 9, Ex. G. Significantly, the Answer incorporates by reference the facts and allegations set forth in the action that Luke Allen brought in this Court on behalf of Mr. Allen. *C. Robert Allen, III by Luke Allen, as Guardian for the Property Management of C. Robert Allen, III v. Devine, et al.*, 09-cv-0668 (ADS) (MLO) (the "Allen RICO Action"). *Id.* (Answer at 7). Specifically, the Answer references the Amended Complaint filed by the Allens on December 15, 2009 (the "Amended Complaint"). *Id.*

Because Devine has now clarified that his Third-Party Complaint does not seek contribution for any RICO damages, but rather is limited to contribution for any damage award for common-law fraud, the Allens consent to dismissal of their ninth affirmative defense. The Allens maintain that the second, third, fourteenth and twenty-first affirmative defenses should survive.

## ARGUMENT

## I. STRIKING AFFIRMATIVE DEFENSES IS A DASTIC REMEDY THAT IS NOT APPROPRIATE HERE.

As Devine concedes in his papers, it is well-settled that Rule 12(f) motions to strike affirmative defenses are strongly disfavored. *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *judgment vacated on other grounds*, 478 U.S. 1015 (1986). Striking affirmative defenses is a "drastic remedy." *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (3d ed. 2007). Indeed, the Second Circuit has cautioned that, "[a] motion to strike an affirmative defense . . . *will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.*" *Salcer*, 744 F.2d at 939 (emphasis supplied).

To meet this stringent standard, a plaintiff must show that (i) there is no question of fact which might allow the defense to succeed; (ii) there is no question of law which might allow the defense to succeed; and (iii) the plaintiff will be prejudiced by the inclusion of the defense. *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 152,-53 (S.D.N.Y. 2002). Thus, before striking a defense, a court must "be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Carter-Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366, 368 (S.D.N.Y. 1969); accord *Allstate Ins. Co. v. Choi*, No. 06 Civ. 3870, 2007 WL 29384, at *7

(E.D.N.Y. Jan. 4, 2007). Similarly, "even where the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." 5 Wright & Miller, *Federal Practice & Procedure* § 1381 (footnotes omitted); *see also Salcer*, 744 F.2d at 939 ("[E]ven when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law.").

In evaluating the existence of legal and factual disputes, "courts [should] construe the pleadings liberally to give a defendant a full opportunity to support its claims at trial, after full discovery has been made." *Solvent Chem. Co. ICC Indus., Inc. v. E.I. DuPont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) (quotation marks omitted). Thus, "even when the facts are not disputed," a motion to strike an affirmative defense must be denied if it is an "opportunity for the determination of disputed and substantial questions of law[,] . . . particularly [when] there has been no significant discovery." *Salcer*, 744 F.2d at 939 (citations and internal quotation marks omitted) (motions to strike do not present vehicles to decide issues of law which are not settled and over which courts have disagreed); *Bennett v. Spoor Behrins Campbell & Young*, 124 F.R.D. 562, 564 (S.D.N.Y.1989) ("Even if it is unlikely that defendant could prove a sufficient set of facts to prevail on its defense, when the possibility of a meritorious defense exists, the Court must, absent a showing of prejudice or injury to plaintiff, deny the motion to strike the affirmative defense."). Indeed, "[t]he disfavor with which courts view Rule 12(f) motions is clearly manifest in the line of cases denying motions to strike even though procedurally appropriate and well founded." *Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 169 (S.D.N.Y. 1973).

A motion to strike must be denied where, as in the present case, the moving party fails to allege any meaningful prejudice. *See, e.g., Resolution Trust Corp. v. Gregor*, No. 94 Civ. 2578, 1995 WL 931093, at *5 (E.D.N.Y. Sep. 29, 1995) (refusing to strike "superfluous" defenses where the plaintiff could not and did not articulate prejudice). Prejudice to the moving party "may be satisfied if the inclusion of the defense would result in increased time and expense of trial, including the possibility of extensive and burdensome discovery[.]" *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp.2d 313, 325 (W.D.N.Y. 2003) (citations and quotations omitted). The absence of prejudice is fatal to a motion to strike. *Regent Ins. Co. v. Storm King Contracting, Inc.*, No. 06 Civ. 2879, 2008 WL 563465, at *15 (S.D.N.Y. Feb. 27, 2008) (denying motion to strike made at close of discovery where plaintiff had failed to establish prejudice).

Here, for the reasons discussed below, Devine has not come close to satisfying these criteria with respect to the challenged affirmative defenses.

## II.  DEVINE HAS NOT EVEN ALLEGED, NOR CAN HE ESTABLISH, THAT THE INCLUSIONS OF THE AFFIRMATIVE DEFENSES WILL CAUSE PREJUDICE.

As set forth above, prejudice is a prerequisite to the granting of a motion to strike. Motions to strike are frequently denied "when no prejudice could result from the challenged allegations, even though the matter literally [falls] within ... Rule 12(f)." 5 Wright & Miller, *Federal Practice & Procedure* § 1382.

Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party. *Id.* "[T]he party seeking to strike the defense must [] establish the likelihood that such burdens will be incurred if the defense is allowed to proceed." *Calabrese v. CSC Holdings, Inc.*, No. 02 Civ. 5171, 2006 WL 544394, at *3 (E.D.N.Y. Mar. 6, 2006) (Orenstein, M.J.).

Devine's failure to articulate any prejudice confirms that his motion to strike the affirmative defenses is, "nothing other than [a] distraction[]." *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). Devine's counterclaims are based on three equally spurious theories, all of which he has already placed in dispute and which will necessarily be litigated regardless of the outcome of his motion to strike. These are theories, which he has made clear he intends to raise as defenses: (i) that Allen masterminded or should otherwise be held responsible for Devine's fraud of Davis in connection with a company in which Allen held no interest, and so is supposedly liable to Devine for contribution (Count I); (ii) that Allen must indemnify Devine based on a purported indemnification agreement (Count II); and (iii) that Luke Allen should have caused Superior to make payments to Davis in 2007, despite the fact that Devine had stripped Superior of funds to do so (Count III).

In the present case, as Devine is well aware, each of the topics covered by the affirmative defenses that are the subject of his motion have been and will continue to be the subject of discovery regardless of the motion's disposition. Indeed, these issues have all been subjects of discovery for a full year in the Allen RICO Action. *See* Wald Decl. ¶ 11, Ex. I (Transcript of July 9, 2009 Conference at 24: 6-11 (counsel for Devine arguing that state court action proved that "[Allen] was intimately involved in these businesses and knew full well what was going on]"); *id.* (counsel for Devine arguing that "There's also something called an indemnification agreement that Mr. Allen signed that agreed to indemnify my client if his family ever came after us for these claims."); *id.* at 30:4-10 (counsel for Allen discussing fact that Superior has no funds to pay Davis due to looting)); *cf* Wald Decl. ¶ 4, Ex B (Trial Transcript at 1790:20-21 (state court's directed verdict in favor of Mr. Allen concludes that Superior was a company that *Mr. Devine* "clearly controlled.")). Given that Devine has put these exact arguments at issue himself

as defenses in his pending litigation with Allen, Devine cannot possibly claim that "prejudice" results from discovery or trial concerning the identical issues here.

In light of the above, it is clear that any professed motive to reduce litigation burden by filing the instant motion is pretextual. "If a defense is clearly irrelevant, then it will likely never be raised again and can be safely ignored. If the defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record - such as on a motion for summary judgment." *Van Schouwen*, 782 F. Supp. at 1245. Because prejudice is a necessary element to striking an affirmative defense, and Devine fails to even allege – much less establish – that he will be prejudiced by the inclusion of the Allens' second, third, fourteenth or twenty-first affirmative defenses which will be the subject of discovery in any event, Devine's motion to strike should be denied on this ground alone.

## III.  THE AFFIRMATIVE DEFENSES ARE NOT LEGALLY INFIRM.

### A.  The Second Affirmative Defense Is Legally Sufficient.

There is no dispute among the parties that an affirmative defense may only be stricken as "legally insufficient if, as a matter of law, it cannot succeed under *any* circumstances" (Devine Mot. at 6, citing *D.S. Am. (E.), Inc. v. Chromagrafx Imaging Sys., Inc.*, 873 F.Supp. 786, 797 (E.D.N.Y. 1995)). Devine does not (because he cannot) state why, as a matter of law, the second affirmative defense of waiver and/or estoppel is doomed to fail. Instead, Devine quibbles that "Allens' boilerplate use of the words 'waiver' and 'estoppel' without more is not a sufficient statement of those defenses and gives no indication as to how either of these defenses bars any of the third-party claims." Devine Mot. at 6.

Devine's contention is simply wrong. The Allens' pleading is sufficient under the notice pleading standard of Rule 8(a). *See e.g., Cohen v. Elephant Wireless, Inc.*, No. 03 Civ. 4058 (CBM), 2005 WL 1872421, at * 4-5 (S.D.N.Y. Aug. 19, 2004) ("The defense of waiver and/or

estoppel [pleaded solely by use of those terms] is not clearly insufficient as a matter of law and therefore survive plaintiff's motion to strike."); *see also Cattaraugus County Project Head Start, Inc. v. Executive Risk Indemnity, Inc.*, 2000 WL 1737943 (W.D.N.Y. Nov. 8, 2000) (rejecting the proposition that "the word 'estoppel,' without more, is not a sufficient state of the defense). Indeed, as the *Cattaragus* case notes, any other result cannot be reconciled with Second Circuit precedent and the Second Circuit's mandate in *Salcer* that motions to strike should be denied "*unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.*" 744 F.2d at 939. At this early stage in the litigation, there is no rational way to conclude that there is "no question of fact which might allow the defense to succeed." *Cohen*, 2005 WL 1872421, * 5 (finding that it is "conceivable" that during discovery defendants could gather sufficient evidence on waiver and estoppel defense). Accordingly, the motion to strike the defense of waiver and/or estoppel should be denied.

**B.     The Third Affirmative Defense Is Legally Sufficient.**

Devine raises a red herring argument that the equitable defense of unclean hands is inapplicable to Devine's claim for money damages in his breach of contract count (Count II). In so arguing, Devine omits that he asserted *three* causes of action against the Allens, two of which are founded in equity and to which the defense clearly applies. Count I, for example, seeks contribution, an equitable remedy. Given the overwhelming allegations of fraud against Devine, both in this action ad the Allens' pending action (*see* Section C *infra*), this is exactly the circumstance in which the unclean hands defense applies. *Precision Instrument Mfg. Co. v. Automotive Maint. Mac. Co.*, 324 U.S. 806, 814-15 (1945) (unclean hands defense applies unless Plaintiffs "shall have acted fairly and without fraud or deceit as to the controversy in issue") (citation omitted).

## C.     The Fourteenth Affirmative Defense Is Legally Sufficient.

Devine provides absolutely no reason why the fourteenth affirmative defense would fail as a matter of law, but instead states that the defense should be stricken from the Answer to his counterclaims because – he asserts – it does not comply with the specificity requirements of Federal Rule of Civil Procedure 9(b). Devine Mot. at 8. Devine conveniently ignores that the Answer to his counterclaims incorporates, by reference, the well-pleaded fraud allegations set forth in the Allen RICO Complaint. *See Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001) (courts may consider "documents referred to in the complaint, explicitly or by reference, matters of which judicial notice may be taken, and documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied in bringing the claim."). Notably, Devine has already unsuccessfully moved to dismiss the Allens' claims twice, without attacking the sufficiency of the fraud allegations under Rule 9(b) in either motion.

In the Allen RICO Complaint, the fraud is described "as a simple one":

> [F]or years, Devine and Buzil persuaded Allen to wire money to Superior, a company that they repeatedly falsely described both orally and by means of false financial statements and other documents as owning multiple radio stations, pursuing an active radio station business including further radio station acquisitions and development of existing stations, and having ongoing financial needs stemming from its purported radio operations.

> Buzil and Devine's false representations were conveyed by the wires over a period of years during which Allen was deceived by false statements concerning the use and whereabouts of his money and the nature of Superior's operations.

> In addition, the fraud was furthered by numerous wires made by Allen from his accounts in New York to Superior's accounts in Illinois. Once wired, these funds were promptly diverted by Buzil and Devine. ***The fraud was also furthered by numerous documents*** sent through the mails and interstate carriers.

Wald Decl. ¶ 10, Ex. H (Amended Compl. ¶¶ 5, 6, 9) (emphasis added).

The allegations in the Allen RICO Complaint certainly place Devine on notice of the affirmative defense of fraudulent inducement that the Allens raise in their Answer. The 2006 Letter was executed during the precise time period that is specified in the Amended Complaint to be when Devine continued to defraud and dominate Allen as part of a years-long continuous scheme. Wald Decl. ¶ 10, Ex. H (Amended Compl. ¶¶ 143-150). Indeed, the 2006 Letter itself includes the specific type of representations that are pleaded to be fraud in the Amended Complaint – for example, that "Devine is the registered holder of interests in numerous radio broadcast Stations for the benefit of Superior. Superior is not the registered holder. At the suggestion of counsel there are being drafted both limited recourse notes as well as acknowledgment of Superior's right to proceeds from such stations . . ." Wald Decl. ¶ 8, Ex. F (2006 Letter). Thus, even the document quoted in the Counterclaim itself confirms that there is in fact a likelihood that the allegations of the Complaint are and will continue to be factually corroborated. Accordingly, the Court cannot conclude that there is no scenario under which the defense may be proved, and the standard to strike the defense has not been met.

### D. The Twenty-First Affirmative Defense Is Legally Sufficient.

Davis and Excelsior's claims against Devine relate to promissory notes upon which Davis and Excelsior sued Superior in New York State Court, and upon which they received a judgment against Superior in their favor. Accordingly, the Allens' twenty-first affirmative defense states (pursuant to black letter New York law) that: "Count III of the Third-Party Complaint is barred because C.P.L.R. §§ 1401 and 1402 do not, as a matter of law, permit the recovery of contribution by a defendant who is held liable for economic loss arising from *a breach of contract*." (emphasis added). As set forth above, Devine has also pleaded that the promissory notes are contracts, in his own answer.

In his Memorandum of Law, Devine reverses himself and asserts that the Allens' twenty-

first affirmative defense is "legally insufficient as a matter of law" because, in his Third-Party Complaint, "Devine seeks contribution for [his own] fraud, which is a *tortious act*." Devine Mot. at 9 (emphasis added). That position is entirely inconsistent with the estoppel defense that Devine himself asserted in his Answer to the Excelsior Complaint two months earlier.

In his Answer to the Excelsior Complaint, Devine asserts by way of defense that: (i) in the State Court Action, Excelsior maintained that the Superior Notes were "valid loan agreement[s]"; and (ii) "Excelsior also alleged in its Amended Verified Complaint that Superior breached the Superior Notes." Indeed, Devine professes that Excelsior is estopped by the position that the Excelsior took, and the judgment rendered, in the State Court Action. Wald Decl. ¶ 7, Ex. E (Devine Answer ¶ 11). In other words, Devine's defense to the Excelsior Complaint is that the loans Excelsior made to Devine and the Devine-affiliated entities are contracts, and that Davis and Excelsior's claim is properly one for breach of contract. Under Devine's own view of the case – that the contracts are valid and binding loan contracts, and not tortiously – the Allens' twenty-first affirmative defense is both factually and legally applicable. It therefore must survive the instant motion to strike.

## IV.    ALTERNATIVELY, THE COURT SHOULD GRANT THE ALLENS' LEAVE TO AMEND

The Allens do not believe that they have inadequately pleaded any affirmative defense. Nevertheless, in the event that the Court disagrees, the Allens respectfully request leave to file an amended Answer and Counterclaim. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The cases relied upon by Devine demonstrate that such leave to amend is appropriate. *See, e.g., D.S. Am. (E.), Inc.*, 873 F.Supp. at 798 (granting leave to amend a number of affirmative defenses, including affirmative defense of estoppel and unclean hands).

The Allens have not previously amended their Answer, which was filed on June 22,

2010, roughly three weeks prior to the filing of this response. Discovery has not yet

commenced. Devine has not suggested any prejudice would result from allowing the Allens to

amend. Accordingly, the Court should grant the Allens leave to amend its Answer to the extent it

deems any part of it insufficiently pleaded.

## CONCLUSION

For the foregoing reasons, the Allens respectfully requests that Devine's motion to strike

the Affirmative Defenses be denied. Alternatively, the Allens request that the Court grant them

leave to amend.


Dated: July 28, 2010
New York, New York

**COHEN & GRESSER LLP**

By:_____/s/_____
Lawrence T. Gresser (LG-2801)
ltgresser@cohengresser.com

Alexandra Wald (AW-0225)
awald@cohengresser.com

Alexis G. Stone (AS-6640)
astone@cohengersser.com

800 Third Avenue, 21st Floor
New York, New York 10022
Phone: (212) 957-7600
Facsimile: (212) 957-4514

*Attorneys for Third-Party Defendants C. Robert*
*Allen, III and Luke Allen, as Guardian for the*
*Property Management of C. Robert Allen, III*