UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EXCELSIOR CAPITAL, LLC,

                Plaintiff,

          -against-

CHRISTOPHER DEVINE, BRUCE BUZIL,
ROBERT E. NEIMAN and GREENBERG
TRAURIG, LLP

               Defendants.
-------------------------------------------------------------X
CHRISTOPHER DEVINE,

             Third-party Plaintiff,

          -against-

C. ROBERT ALLEN, III and LUKE ALLEN,
as Guardian for the Property Management of
C. Robert Allen, III,

             Third-Party Defendants.
-------------------------------------------------------------X

**ORDER**
CV 10-1319 (ADS)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' motion seeking to have the court resolve a dispute concerning the definition of "confidential" to be included in the parties' proposed confidentiality order. The defendants have proposed using language based on Fed. R. Civ. P. 26(c)(1)(G), specifically, "'Confidential Information' means information which the designating party deems to constitute trade secrets or other confidential research, development, or commercial information or information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G)." The third-party defendants oppose the use of that definition. They argue that in addition to the language set forth above, additional language must be added to the definition of confidential, namely, "... and which the designating party determines . . . has not been disclosed by the designating party to third parties absent either an oral or written agreement . . . restricting such third parties' ability to publically disclose documents." The defendants argue that given the fact that the proposed order already includes language indicating that the restrictions do not apply to information that was already provided to the inspecting party or which is public knowledge, the additional language proposed by the third-party defendants is unnecessary and would require any party seeking to designate a document as confidential to undertake a timely investigation to

determine who, if any one, the document has ever been given to and under what circumstances. The court agrees that the language is unnecessary given the exception contained in paragraph 9. Accordingly, the parties are directed to submit the proposed confidentiality order containing the definition of "Confidential Information" proposed by the defendants.

Dated:  Central Islip, New York          **SO ORDERED:**
        October 21, 2010

                              _____/s_____
                              ARLENE R. LINDSAY
                              United States Magistrate Judge