# JUDD BURSTEIN, P.C.
### ATTORNEYS AT LAW

JUDD BURSTEIN
PETER B. SCHALK*
———
MATTHEW G. DeOREO**
ALEXANDER M. LEVY
JEREMY M. ATTIE

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT

1790 BROADWAY
NEW YORK, NEW YORK 10019
(212) 974-2400
FAX: (212) 974-2944

October 3, 2011

**BY ECF**
Hon. Arlene Rosario Lindsay
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
U.S. Courthouse
Central Islip, New York 11722

      Re:   *Excelsior Capital, LLC v. Devine,* Civil Case No. 2:10-cv-01319-ADS-ARL (E.D.N.Y.)

Dear Magistrate Judge Lindsay:

      I am a principal of Judd Burstein, P.C., counsel for plaintiff Excelsior Capital, LLC ("Plaintiff") in the above-referenced action. I write to follow up on my July 28, 2011 letter request (Docket No. 61 [copy enclosed]) to Your Honor – granted on August 1, 2011 – for an extension of the previous November 1, 2011 discovery cut-off date to December 15, 2011 ("Prior Extension"). As set forth below, Plaintiff respectfully requests an extension of the December 15, 2011 discovery cut-off date to February 15, 2012 because the reasons for the Prior Extension have not changed, namely a significant party is still missing from this case and "global" discovery could not have been completed during the Prior Extension period. While the defendants have not consented to this request, I respectfully submit it is more than appropriate under the circumstances.

      As you may recall, Plaintiff requested the granted Prior Extension because: (a) Third Party Defendant, C. Robert Allen, III ("Allen") died in March 2011; (b) counsel for Allen filed a Suggestion of Death shortly thereafter (Docket No. 51), which we submit, effectively stayed "global" discovery until the Estate of Allen was duly substituted as the Third Party Defendant and the Estate of Allen retained counsel for this action; (c) Plaintiff, along with counsel for the remaining parties, wished to proceed with discovery, but were prevented from doing so because we had a missing party – the Estate of Allen – and could not resolve global discovery issues (*e.g.*, deposition dates and expert disclosure dates) when there was a risk that the Estate of Allen would subsequently appear and challenge any such agreement because it was not a party thereto; and (d) Plaintiff respectfully submitted that it, as well as the other remaining parties, should not have to appear for depositions twice, namely for the remaining parties and then again once the Estate had been made a party and appeared by counsel.

JUDD BURSTEIN, P. C.

Hon. Arlene Rosario Lindsay
October 3, 2011
Page 2

Unfortunately, the Court has not granted the pending motions for the Estate of Allen's substitution (Docket Nos. 54 and 57) – both of which were filed in June 2011 and were unopposed. Therefore, the above-referenced reasons for an extension have not changed and apply equally now. Simply put, the parties cannot resolve "global" discovery issues with the Estate of Allen remaining as a non-party. We hope that the pending motions for the Estate of Allen's substitution will be granted and an additional extension will provide all parties sufficient time to complete discovery.

For these reasons, Plaintiff respectfully request an extension of the December 15, 2011 discovery cut-off date to February 15, 2012. This two-month period is the approximate amount of time that has elapsed since my July 28 letter request to Your Honor, *i.e.* I am merely requesting an extension that is concomitant with the first request. During this two-month period, no "global" discovery could have been conducted as the Estate of Allen still is not a party.

Additionally, it is important to note that the remaining parties have not sat on their respective hands. Indeed, the remaining parties have completed "document" and ESI discovery, completed the service of extensive privilege logs, substantially completed all interrogatory discovery, and have had multiple "meet and confer" telephone conferences in good faith to resolve numerous discovery issues so not to burden Your Honor with needless discovery disputes.

Lastly, prior to Mr. Allen's death, the parties in this action and the parties of the related action, *Allen v. Devine et al.*, Civil Case No. 2:09-cv-00668-ADS-ETB (E.D.N.Y.), had in good faith agreed that the discovery tracks of these cases would coincide with each other so that all concerned would not be burdened with duplicative depositions. For this reason, I have copied the Honorable Magistrate Judge E. Thomas Boyle, who is the Magistrate Judge for this related action, so that he is aware of this request.

Respectfully yours,

Judd Burstein

Enclosure

cc: Magistrate Judge E. Thomas Boyle (by Fedex)
All counsel in this action by (by ECF)
All counsel in *Allen v. Devine et al.* (by Fax)

# JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN
PETER B. SCHALK*

MATTHEW G. DeOREO**
ALEXANDER M. LEVY
JEREMY M. ATTIE

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT

1790 BROADWAY
NEW YORK, NEW YORK 10019
(212) 974-2400
FAX: (212) 974-2944

July 28, 2011

**BY ECF**
Hon. Arlene Rosario Lindsay
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
U.S. Courthouse
Central Islip, New York 11722

   Re: *Excelsior Capital, LLC v. Devine,* Civil Case No. 2:10-cv-01319-ADS-ARL
     (E.D.N.Y.)

Dear Magistrate Judge Lindsay:

  I am a principal of Judd Burstein, P.C., counsel for plaintiff Excelsior Capital, LLC ("Plaintiff") in the above-referenced action. I write to Your Honor concerning the timing of the completion of discovery in this action, which has been substantially delayed by the March 2011 death of Third Party Defendant, C. Robert Allen, III ("Allen"). As described *infra*, we respectfully request an extension of the November 1, 2011 discovery cut-off date to December 15, 2011. The defendants in this action do not oppose this relief, with one condition, which I will explain below.

  As the Court is aware, on March 17, 2011, counsel for Allen filed a Suggestion of Death (Docket No. 51), which we submit, effectively stayed "global" discovery until the Estate of Allen was duly substituted as the Third Party Defendant and the Estate of Allen retained counsel for this action. Since then, no remaining party has ignored their respective discovery obligations. Indeed, the remaining parties have pursued "document," ESI and interrogatory discovery from each other in good faith and have had multiple "meet and confer" telephone conferences to resolve discovery issues so not to burden Your Honor with needless discovery disputes.

  Furthermore, I am cognizant of the fact that I represent the Plaintiff in this action, and thus, I am loath to request an extension of time to complete discovery in order to prosecute Plaintiff's claims. However, this is not a case of a plaintiff sitting on its hands and not diligently pursuing its rights. I, along with counsel for the remaining parties, wish to proceed with discovery, but are prevented from doing so because we have a missing party – the Estate of Allen – and cannot resolve global discovery issues (*e.g.*, deposition dates and expert disclosure dates) when there is a risk that the Estate of Allen will subsequently appear and challenge any such agreement because it was not

JUDD BURSTEIN, P. C.

Hon. Arlene Rosario Lindsay
July 28, 2011
Page 2

a party thereto. Additionally, Plaintiff respectfully submits that it, as well as the other remaining parties, should not have to appear for depositions twice, namely in the near future and then again once the Estate has been made a party and appears by counsel.

Moreover, we understand that the defendants in this action wish to promptly resolve the claims against them and have little sympathy for a delay of any kind. Frankly, if I were in their position, I would feel the same way. Their attorneys have expressed this position to my office, and in fairness, I wish to inform Your Honor of their concerns in order to avoid a letter campaign on this issue.

Regardless, the unavoidable fact of Allen's death remains, and Plaintiff wishes to avoid two discovery tracks in this case – one without the Estate of Allen and one with said party. Consequently, Plaintiff requests that the November 1, 2011 discovery cut-off date be extended to December 15, 2011. We respectfully submit that such an extension will prejudice no party and is completely reasonable under the circumstances. We hope that the pending motions for the Estate of Allen's substitution (Docket Nos. 54 and 57) – both of which are unopposed – will be granted and this extension will provide all parties sufficient time to complete discovery.

The remaining defendants in this action do not oppose this application, provided that Plaintiff agrees not to request another extension of the discovery cut-off date if the Court decides the pending substitution motions on or before August 31, 2011. Plaintiff so agrees.

Lastly, prior to Mr. Allen's death, the parties in this action and the parties of the related action, *Allen v. Devine et al.,* Civil Case No. 2:09-cv-00668-ADS-ETB (E.D.N.Y.), had in good faith agreed that the discovery tracks of these cases would coincide with each other so that all concerned would not be burdened with duplicative depositions. For this reason, I have copied the Honorable Magistrate Judge E. Thomas Boyle, who is the Magistrate Judge for this related action, so that he is aware of this request.

Respectfully yours,

Judd Burstein

cc:   Magistrate Judge E. Thomas Boyle (by Fedex)
      All counsel in this action by (by ECF)
      All counsel in *Allen v. Devine et al.* (by Fax)