
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
C. ROBERT ALLEN, III, by LUKE ALLEN, as Guardian
for the Property Management of C. Robert Allen III,

                              Plaintiff,

    -against-

CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC,
MILCREEK BROADCASTING LLC, COLLEGE
CREEK MEDIA LLC, MARATHON MEDIA GROUP,
LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3
POINT MEDIA DELTA, LLC, 3 POINT MEDIA –
UTAH, LLC, 3 POINT MEDIA – FRANKLIN, LLC, 3
POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT
MEDIA – COALVILLE, LLC, 3 POINT MEDIA –
ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3
POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA –
OGDEN, LLC, 3 POINT MEDIA – SANFRANCISCO,
LLC, MIDVALLEY RADIO PARTNERS, LLC, D&B
TOWERS LLC, SUPERIOR BROADCASTING OF
NEVADA, LLC, SUPERIOR BROADCASTING OF
DENVER, LLC, WACKENBURG ASSOCIATES, LLC,
PORTLAND BROADCASTING LLC, DESERT SKY
MEDIA LLC, SKY MEDIA LLC, DEVINE RACING
MANAGEMENT, LLC, ACB CONSULTING CO., and
John Does 1-50,

                              Defendants.
----------------------------------------------------------------X

**MEMORANDUM
OF DECISION AND
ORDER**
09-cv-668 (ADS)
(ETB)

CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC,
MILCREEK BROADCASTING LLC, COLLEGE
CREEK MEDIA LLC, MARATHON MEDIA GROUP,
LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3
POINT MEDIA DELTA, LLC, 3 POINT MEDIA –
UTAH, LLC, 3 POINT MEDIA – FRANKLIN, LLC, 3
POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT
MEDIA – COALVILLE, LLC, 3 POINT MEDIA –
ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3
POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA –
OGDEN, LLC, 3 POINT MEDIA – SANFRANCISCO,
LLC, MIDVALLEY RADIO PARTNERS, LLC, D&B
TOWERS LLC, SUPERIOR BROADCASTING OF

NEVADA, LLC, SUPERIOR BROADCASTING OF
DENVER, LLC, WACKENBURG ASSOCIATES, LLC,
PORTLAND BROADCASTING LLC, DESERT SKY
MEDIA LLC, SKY MEDIA LLC, DEVINE RACING
MANAGEMENT, LLC, ACB CONSULTING CO., and
John Does 1-50,

          Third-Party Plaintiffs,

 -against-

LUKE ALLEN,

          Third-Party Defendant.
------------------------------------------------------------------X

**APPEARANCES:**

**Cohen & Gresser LLP**
*Attorneys for the plaintiff*
100 Park Avenue
23rd Floor
New York, NY 10017
  By: Lawrence T. Gresser, Esq.
     Alexandra Sarah Wald, Esq.
     Nathaniel P.T. Read, Esq.
     Alexis Gena Stone, Esq.
     Harvey B. Silikovitz, Esq., of Counsel

**Peckar & Abramson, P.C.**
*Attorneys for all defendants except defendants D&B Towers LLC*
41 Madison Ave, 20th Floor
New York, NY 10010
  By: Daniel E. Budorick, Esq.
     David Scriven-Young, Esq.
     Edward Pacer, Esq.
     Kevin Joseph O'Connor, Esq.
     Thomas Jerome Curran, Esq., of Counsel

**Allyn & Fortuna, LLP**
*Attorneys for the defendant D&B Towers LLC*
200 Madison Avenue
5th Floor
New York, NY 10016
  By: Nicholas J. Fortuna, Esq.,
     Megan Jeane Muoio, Esq., of Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EXCELSIOR CAPITAL, LLC,

                Plaintiff,

                -against-

CHRISTOPHER DEVINE, BRUCE BUZIL,
ROBERT E. NEIMAN and GREENBERG
TRAURIG, LLP,

                Defendants.
----------------------------------------------------------X
CHRISTOPHER DEVINE,

                Third-Party Plaintiff,

                -against-

C. ROBERT ALLEN, III and LUKE ALLEN, as
Guardian for the Property Management of C.
Robert Allen, III,

                Third-Party Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
10-cv-1319 (ADS)(ARL)

**APPEARANCES:**

**Judd Burstein, P.C.**
*Attorneys for the plaintiff Excelsior Capital, LLC*
1790 Broadway
Suite 1501
New York, NY 10019
      By:    Judd Burstein, Esq., of Counsel

**Peckar & Abramson, P.C.**
*Attorneys for the defendant, third-party plaintiff Christopher Devine*
208 S Lasalle, Suite 1660
Chicago, IL 60604
      By:    Daniel E. Budorick, Esq.,
                David Scriven-Young, Esq.,
                Edward Pacer, Esq.,
                Kevin Joseph O'Connor, Esq.,
                Thomas Jerome Curran, Esq., of Counsel

**Hisrock & Barclay, LLP**
*Attorneys for the defendant Bruce Buzil*
300 South State Street
Syracuse, NY 13202
    By:    Alan Robert Peterman, Esq., of Counsel

**Simpson Thatcher & Bartlett LLP**
*Attorneys for the defendants Robert E. Neiman and Greenberg Traurig, LLP*
425 Lexington Avenue
New York, NY 10017
    By:    Mary Elizabeth McGarry, Esq.,
           Michael Joseph Castiglione, Esq.,
           Ryan Kane, Esq., of Counsel

**Cohen & Gresser LLP**
*Attorneys for the third-party defendants C. Robert Allen, III and Luke Allen*
800 Third Ave
21st Floor
New York, NY 10022
    By:    Alexis Gena Stone, Esq.,
           Harvey B. Silikovitz, Esq.,
           Lawrence T. Gresser, Esq.,
           Nathaniel P.T. Read, Esq.,
           Alexandra Sarah Wald, Esq., of Counsel

**SPATT, District Judge.**

The two cases at issue both stem from allegations regarding a loan based upon alleged false representations. One of the parties in both actions, C. Robert Allen, III ("Robert Allen"), is now deceased, and a motion has been filed in each case to substitute Grace M. Allen, the executrix of his estate, in his place.

For the reasons that follow, the Court grants the motions to substitute in both cases.

## I. BACKGROUND

The two relevant cases involve many of the same parties and events, in which the Court has issued several previous orders. Familiarity with those prior decisions is assumed. Moreover, a detailed discussion of the allegations in either case is not necessary for the determination of the present motion, so the Court will only briefly sketch the parties' requests in these matters.

In sum, the gravamen of the Plaintiffs' allegations in both cases is that the Defendants, led by Christopher Devine ("Devine") and others, made misstatements to convince the Plaintiffs to loan a significant amount of money to entities that the Defendants controlled, and then illegally diverted this money for their own benefit.

### A. The *Allen* Case

On February 18, 2009, Luke Allen, as Guardian for the Property Management of Robert Allen, filed an action against Devine and others (the "Allen case"), and was later permitted to file an amended complaint. On August 9, 2010, the Defendant DBA Towers, LLC, filed an answer to the amended complaint and asserted a counterclaim for indemnification against Robert Allen. On December 20, 2010, Devine answered the amended complaint and also asserted several counterclaims against Robert Allen. On that same day, a third-party complaint was filed against Luke Allen in his individual capacity by all of the Defendants/Third-Party Plaintiffs.

### B. The *Excelsior* Case

On March 23, 2010, Excelsior Capital, LLC ("Excelsior") filed suit against Devine, Bruce Buzil, and Robert E. Neiman (the "Excelsior case"). After the Plaintiff commenced the Excelsior case, one of the Defendants, Devine, filed a third party

complaint seeking contribution and indemnification from the third-party Defendants Robert Allen and Luke Allen, as Guardian for the Property Management of Robert Allen.

C. **The Present Motions**

On March 17, 2011, Cohen & Gresser LLP, as "Former Attorneys for [Robert Allen] by his Former Guardian of Property Management," filed a "Suggestion of Death upon the Record." This document notified the parties in both cases "pursuant to Fed. R. Civ. P 25(a)(1) of the death of C. Robert Allen, III." In the Probate Proceeding for Robert Allen's estate, Grace M. Allen was appointed as his executrix by the Surrogate's Court of Nassau County. Subsequently, motions were filed in both cases by Devine, a defendant and third-party plaintiff, to substitute Grace Allen, in her capacity as executrix of Robert Allen's estate, for Robert Allen as a third-party defendant in the Excelsior case and as a plaintiff in the Allen case. Also, in the Allen case, the Defendant and third-party Plaintiff Humprey Peak Tower, formally known as D&B Towers, LLC, joined the motion to substitute. Finally, Reed P. Whiteemore, counsel in the Probate Proceeding for Robert Allen's estate, also filed a motion to substitute the Estate of Robert Allen, by its Executrix, Grace Allen, as a plaintiff in Allen and as a third-party defendant in Excelsior.

No parties have objected to these motions to substitute.

## II. DISCUSSION

A. **The Legal Standard on a Motion to Substitute**

Federal Rule of Civil Procedure 25(a) ("Fed. R. Civ. P. 25(a)" or "Rule 25(a)") governs the substitution of parties in the event of a death of a party. The rule states:

> *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The purpose of the rules governing the substitution of parties following the death of one of the original parties to a lawsuit is to prevent undue delay in the suit. "Rule 25(a) provides a procedural device allowing for the substitution of a party in order for litigation on a decedent's behalf to continue. The substitute is thus not litigating on his or her own behalf and need not have standing in his personal capacity, but rather stands in the shoes of the decedent." See Roe v. City of New York, No. 00 Civ. 9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003).

The period for filing substitution upon the death of a party is not triggered until formal written statement of fact of death has been filed. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469 (2d Cir. 1998). Failure to file a motion for substitution of parties within the applicable period requires the dismissal of the action, though it has been held that dismissal is discretionary, not mandatory. Kernisant v. City of New York, 225 F.R.D. 422, 426 (E.D.N.Y. 2005).

When determining a motion to substitute a party, a Court must decide whether (1) the motion is timely; (2) the movant's claims have not been extinguished by the death; and (3) the movant proposes a proper party for substitution. See Roe, 2003 WL 22715832, at *1.

## B. Whether the Motion is Timely

As set forth above, Rule 25(a)(1) provides for a 90-day period from the filing of the suggestion of death to file a motion for the substitution of parties. In the present case, the suggestion of death was filed on March 17, 2011. Devine filed a motion to substitute in the Allen case on June 14, 2011, and in the Excelsior case on June 15, 2011. As the deadline to file the relevant motion was June 15, 2011, Devine's motions in both cases were timely.

## C. Whether the Claims By and Against Robert Allen Survive His Death

### 1. The Standard for Whether Claims Survive the Death of Party

Rule 25 is procedural and therefore does not provide for the survival of rights or liabilities. Rather, it merely describes the method by which an action may proceed if the right of action survives. Servidone Const. Corp. v. Levine, 156 F.3d 414, 416 (2d Cir. 1998). The question of whether a claim is extinguished or survives the death of a party is based upon the substantive law. In a diversity case, state law is controlling on whether the claim survives. The Second Circuit has held that a claim survives an injured party's death "if applicable state law creates a right of survival." Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982); Johnson v. Morgenthau, 160 F.3d 897, 898 (2d Cir. 1998). In the present case, the applicable law is New York Estates, Powers and Trusts Law § 11–3.2(a)(1), which states, "No cause of action for injury to person or property is lost because of the death of the person liable for the injury." See Barrett, 689 F.2d 324 (demonstrating that New York federal courts may look to state law to determine whether a claim has been extinguished).

However, when the right of action is federally created, then federal law controls on the survival of the action. "In the absence of a specific federal statutory directive, the question of survival of a claim is determined under federal common law." U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 159 F.R.D. 389, 390 (E.D.N.Y. 1994). "The general rule under federal common law is that an action survives the death of a party if it is remedial and not penal in nature." Moore's Federal Practice ¶ 25.04(1).

### 2. As to the Claims By Robert Allen

On December 15, 2009, Robert Allen, by and through Luke Allen, the Guardian for the Property Management of Allen, filed an Amended Complaint in the Allen case. The causes of action by Robert Allen that remain are for (1) civil RICO; (2) RICO conspiracy; (3) fraud; (4) civil conspiracy to commit fraud; (5) conversion; (6) unjust enrichment; and (7) breach of fiduciary duty.

First, as to the RICO claims, which are federally created rights, "[n]either the statutory language nor the legislative history of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, specifically addresses whether a private civil claim survives a party's death." Epstein v. Epstein, 966 F. Supp. 260, 260 (S.D.N.Y. 1997). However, district courts in this Circuit have found that because "Congress viewed the private Civil RICO claim as a victim's remedy . . . such claims survive a party's demise, whether the party be a plaintiff . . . or [] a defendant." Id. at 263; Holford USA Ltd., Inc. v. Harvey, 169 F.R.D. 41, 41 (S.D.N.Y. 1996) ("I hold that an action under Section 1964(c) for treble damages [for civil RICO] is remedial

and does not abate when the defendant dies."); Jerry Kubecka, Inc. v. Avellino, 898 F. Supp. 963, 968 (E.D.N.Y. 1995).

Next, as to the pendent state law claims governed by New York state law, all of the claims asserted by Robert Allen are related to injury to property or property interests. Generally, actions in tort and in contract survive the death of a party. Therefore, Robert Allen's originally asserted causes of action sounding in contract and fraud are not extinguished by his death because under New York law, "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed." EPTL § 11-3.2(b); see Cangemi v. Russomanno, 12 Misc.3d 1191(A), 824 N.Y.S.2d 768, at *3 (N.Y. Sup. Ct. 2006) (finding that plaintiff's claims for breach of contract, unjust enrichment, and fraud were not extinguished by defendant's death). These claims may be continued by his executrix, Grace M. Allen.

### 3. As to the Claims Against Robert Allen

In addition to the causes of action by Robert Allen, there are causes of action against Robert Allen in three different respects. First, in the Excelsior case, Devine asserts third-party plaintiff claims against Robert Allen based upon breach of contract and contribution. Second, in the Allen case, the Defendant D&B Towers, LLC counter-claimed against Plaintiff Robert Allen for indemnification, which is an action again based upon breach of contract and injury to property. Third, also in the Allen case, Defendant Devine counter-claimed against Plaintiff Robert Allen for breach of contract, fraud, and civil conspiracy.

All of the claims asserted against Robert Allen in both cases are related to injury to property or property interests. Generally, actions in tort and in contract survive the death of a party. Therefore, these claims were not extinguished by Robert Allen's death. See Topal v. BFG Corp., 108 A.D.2d 849, 850, 485 N.Y.S.2d 352, 354 (2nd Dep't 1985) ("In this case, plaintiff's claims, in the nature of breach of contract and injury to property, were not extinguished by reason of defendant Greene's death, and the action could therefore be continued against the personal representative of the decedent").

### D. Whether Grace Allen is a Proper Party for Substitution

A "proper party" for substitution under Rule 25(a)(1) is either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate. Garcia v. City of New York, No. CV 08-2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009) (citations and internal quotation marks omitted). Under New York law, applicable here, a "representative" is usually the appointed administrator or executor of the decedent's estate. Graham v. Henderson, 224 F.R.D. 59, 64 (N.D.N.Y. 2004).

As a result of a probate proceeding for Robert Allen's estate in the Surrogate's Court of the State of New York, Nassau County, Grace M. Allen was appointed Executrix of the estate. This is reflected in the Certificate of Appointment of Executor issued by the Surrogate court. Therefore, Grace M. Allen is a proper party for substitution under Rule 25(a)(1). Cf. Perlow v. Commissioner of Social Sec., No. 10

cv. 1661, 2010 WL 4699871, at*2 (E.D.N.Y. 2010) (reserving decision on whether the movant was a property party for substitution because she was not appointed executrix of the estate).

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Devine's motion to substitute Grace Allen, Executrix of the Estate of C. Robert Allen III, as a plaintiff in the <u>Allen</u> action and as a third-party defendant in the <u>Excelsior</u> action, in lieu of C. Robert Allen III, is hereby granted; and further

**ORDERED** that the amended caption in the <u>Allen</u> case will read as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
THE ESTATE OF C. ROBERT ALLEN, III, by its Executrix, GRACE M. ALLEN

                        Plaintiff,

-against-

CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC, MILCREEK BROADCASTING LLC, COLLEGE CREEK MEDIA LLC, MARATHON MEDIA GROUP, LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3 POINT MEDIA DELTA, LLC, 3 POINT MEDIA – UTAH, LLC, 3 POINT MEDIA – FRANKLIN, LLC, 3 POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT MEDIA – COALVILLE, LLC, 3 POINT MEDIA – ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3 POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA – OGDEN, LLC, 3 POINT MEDIA – SANFRANCISCO, LLC, MIDVALLEY RADIO PARTNERS, LLC, D&B TOWERS LLC, SUPERIOR BROADCASTING OF NEVADA, LLC, SUPERIOR BROADCASTING OF DENVER, LLC, WACKENBURG ASSOCIATES, LLC, PORTLAND BROADCASTING LLC, DESERT SKY MEDIA LLC, SKY MEDIA LLC, DEVINE RACING MANAGEMENT, LLC, ACB CONSULTING CO., and John Does 1-50,

                        Defendants.
-------------------------------------------------------------X

CHRISTOPHER DEVINE, LAKESHORE MEDIA, LLC, MILCREEK BROADCASTING LLC, COLLEGE CREEK MEDIA LLC, MARATHON MEDIA GROUP, LLC, 3 POINT MEDIA – SALT LAKE CITY, LLC, 3 POINT MEDIA DELTA, LLC, 3 POINT MEDIA – UTAH, LLC, 3 POINT MEDIA – FRANKLIN, LLC, 3 POINT MEDIA – PRESCOTT VALLEY, LLC, 3 POINT MEDIA – COALVILLE, LLC, 3 POINT MEDIA – ARIZONA, LLC, 3 POINT MEDIA – FLORIDA, LLC, 3 POINT MEDIA – KANSAS, LLC, 3 POINT MEDIA – OGDEN, LLC, 3 POINT MEDIA – SANFRANCISCO, LLC, MIDVALLEY RADIO PARTNERS, LLC, D&B TOWERS LLC, SUPERIOR BROADCASTING OF NEVADA, LLC, SUPERIOR BROADCASTING OF DENVER, LLC, WACKENBURG ASSOCIATES, LLC, PORTLAND BROADCASTING LLC, DESERT SKY MEDIA LLC, SKY MEDIA LLC, DEVINE RACING MANAGEMENT, LLC, ACB CONSULTING CO., and John Does 1-50,

       Third-Party Plaintiffs,

 -against-

LUKE ALLEN,
       Third-Party Defendant.
------------------------------------------------------------------X

 and it is further

 **ORDERED** that the amended caption in the Excelsior case will read as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
EXCELSIOR CAPITAL, LLC,

       Plaintiff,

 -against-

CHRISTOPHER DEVINE, BRUCE BUZIL, ROBERT E. NEIMAN and GREENBERG TRAURIG, LLP,

       Defendants.
----------------------------------------------------------X

CHRISTOPHER DEVINE,

        Third-Party Plaintiff,

  -against-

THE ESTATE OF C. ROBERT ALLEN, III,
by its Executrix GRACE M. ALLEN

        Third-Party Defendants.
-----------------------------------------------------------X

**SO ORDERED.**

Dated: Central Islip, New York
October 25, 2011

                                                         _/s/ *Arthur D. Spatt*_
                                                     ARTHUR D. SPATT
                                          United States District Judge